UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|    FAWAZ O. ANBAR | ) | Case No. 04-12258-SSM |
|    VELMA L. ANBAR | ) | Chapter 7 |
| | ) | |
|         Debtors | ) | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO REOPEN**

Before the court is the debtors' motion to reopen their closed case and for sanctions against Bank of America, N.A., for violation of the discharge injunction by reporting a discharged debt as "charge off/collection" rather than "included in bankruptcy." A hearing was held on August 2, 2005, limited to the issue of whether the case should be reopened. The debtors and Bank of America were present by counsel. For the reasons stated, the motion to reopen will be denied.

Background

Fawaz O. Anbar and Velma L. Anbar are husband and wife. They filed a voluntary petition in this court on May 21, 2004, for relief under chapter 7 of the Bankruptcy Code and received a discharge on September 6, 2004. Among the creditors listed on their schedules (and given notice both of the bankruptcy filing and the discharge) was Bank of America, which was listed as the holder of two claims: a $1,524.94 credit card debt and a $6,858.00 line of credit debt. The trustee filed a report of no distribution, and the case was thereafter closed on September 13, 2004.

1

On March 31, 2005, the debtors, without first seeking to reopen their closed case, filed an adversary proceeding against Bank of America, seeking $111,000 in damages for an asserted violation of the discharge injunction. *Anbar v. Bank of America, N.A. (In re Anbar)*, No. 04-12258-SSM, A.P. No. 05-1244 (Bankr. E.D. Va.). The complaint alleged that Bank of America reported the debt as a "charge off" rather than as "included in bankruptcy" – which according to the complaint is the proper method of reporting a discharged debt under a standard credit industry protocol known as METRO2 – in an effort to pressure the debtors into paying it. The complaint further alleged that Mr. Anbar, while being interviewed for a job paying $111,000 a year, was specifically asked whether he had incurred any new debt after his discharge. When he denied having done so, he was told that his credit report showed a delinquent post-bankruptcy debt to Bank of America. The following day, the debtor was told that he would not be offered the job. The debtors then obtained a copy of Mr. Anbar's credit report. It is not clear on the present record exactly what that report stated. In any event, the debtors apparently disputed the debt, and the credit bureau then issued an updated report showing the line of credit with a balance of $0 but with the notation, "STATUS AS OF 09/2004: PAYMENT AFTER CHARGE OFF/COLLECTION." The report included a disclosure that the quoted words "may" be considered "adverse" by "some creditors."

After the adversary complaint was filed, this court held in a different case that such an action could not proceed absent a reopening of the closed case. *Henneghan v. Columbia Gas of Virginia, Inc. (In re Henneghan)*, No. 03-11853, A.P. No. 05-1220 (Bankr. E.D. Va.,

2

June 22, 2005). The present motion to reopen and for sanctions was filed after the ruling in that case was brought to the attention of the debtors' attorney.

Discussion

A.

A bankruptcy discharge cancels a debtor's personal liability for a discharged debt. It voids any judgment (whether obtained before or after the discharge) determining the debt to be a personal liability of the debtor. § 524(a)(1), Bankruptcy Code. It also

> operates as an injunction against the commencement or
> continuation of an action, the employment of process, or an act,
> to collect, recover or offset any such debt as a personal liability
> of the debtor, whether or not discharge of such debt is waived.

§ 524(a)(2), Bankruptcy Code. Although there is no personal right of action for violation of the discharge injunction, violations may be redressed under the bankruptcy court's civil contempt powers. *Cherry v. Arendall (In re Cherry)*, 247 B.R. 176, 186-87 (Bankr. E.D. Va. 2000).

B.

A closed bankruptcy case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." § 350(b), Bankruptcy Code. Whether to reopen a closed case is discretionary with the bankruptcy court. *Hawkins v. Landmark Finance Co. (In re Hawkins)*, 727 F.2d 324 (4th Cir. 1984) (bankruptcy court did not abuse discretion in denying leave to reopen eight months after case was closed to file motion to avoid security interest in furniture). A case should not be reopened, however, if there is no effective relief that can be granted. *In re Carberry*, 186 B.R. 401 (Bankr. E.D. Va. 1995) (denying motion to reopen case to schedule omitted creditor, since mere scheduling of claim would have no

3

effect on its dischargeability); *Thompson v. Virginia (In re Thompson)*, 16 F.3d 576 (4th Cir. 1994) (affirming bankruptcy court denial of chapter 7 debtor's motion to reopen case to add unpaid court costs from state court criminal conviction, since debt was nondischargeable as a matter of law).

C.

Bank of America argues that reopening the case would be futile for three reasons. First, it says that reporting a discharged debt as a "charge off" rather than "included in bankruptcy" does not violate the discharge injunction. Second, it says that the debtors are not entitled to prospective relief because the credit report shows the debt as having a zero balance and can therefore have no future adverse effect. And third, Bank of America argues that the debtors cannot prove that they suffered *any* compensable loss, since counsel for the debtors has conceded that he does not have evidence to prove that the listing of the debt on the credit report was the reason Mr. Anbar was turned down for the translator position, and since the case law in this circuit establishes that no damages can be awarded in a contempt proceeding for emotional distress.

As to the latter point, the law seems clear that emotional distress damages cannot be awarded in a civil contempt action. *Burd v. Walters (In re Walters)*, 868 F.2d 665, 670 (4th Cir. 1989) (upholding civil contempt sanction against debtor's attorney for violation of court order to refund improper fees, but vacating award of $1,000 for the debtors' emotional distress and stating, "[N]o authority is offered to support the proposition that emotional distress is an appropriate item of damages for civil contempt, and we know of none."); *see also Cherry v. Arendall (In re Cherry)*, 247 B.R. 176, 189 n.21 (Bankr. E.D. Va. 2000)

(acknowledging unavailability of emotional distress damages for violation of discharge injunction).  Although *Cherry* suggested that punitive damages could be awarded for violation of the discharge injunction, the recent decision of the Fourth Circuit in *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812 (4th Cir. 2004), would rather plainly preclude an award of punitive damages in a contempt proceeding unless the proceeding were pursued as criminal rather than civil contempt.  *See* Rule 42, Fed.R.Crim.P.

However, simply because emotional distress damages could not be recovered, it by no means follows that the debtors have suffered no compensable damages.  Although, as noted, debtors' counsel has conceded that he cannot establish an evidentiary nexus between the reporting of the debt and Mr. Anbar's failure to obtain the translator position for which he applied, the Fourth Circuit upheld in *Burd* an award of sanctions that compensated the debtors for, among other things, travel and time reimbursements for trips necessary to enforce their rights and attorney's fees caused by the contempt.  868 F.2d at 670; *see also Cherry*, 247 B.R. at 190-91 (awarding $6,000 in attorney's fees as sanction for violation of discharge injunction).

The question, therefore, is whether there is any prospective or remedial relief that could be decreed that would support an award of attorney's fees to reimburse the debtors for the cost of obtaining that relief.  The debtors' theory is that Bank of America (and other creditors) report discharged debts as a "charge off" rather than "included in bankruptcy" in order to pressure the debtor into paying them notwithstanding the discharge.  One not-uncommon scenario, according to the debtors' attorney, occurs when debtors seek a mortgage loan after discharge.  If the discharged debt is shown on the credit report as a

"charge off" with a balance owing (particularly if the entry bears a date that is subsequent to the date the bankruptcy petition was filed), the prospective lender will assume it is a post-petition debt and will require its payment as a condition of loan approval.  According to the debtors' attorney, many debtors will go ahead and pay the discharged debt rather than suffer the hassle and delay of disputing it and thereby possibly jeopardizing the new loan.  This result, the debtors assert, *is exactly what Bank of America intends* when it reports the debt that way.

Whatever the merits of this theory, it would have no obvious application to Mr. and Ms. Anbar's situation, however.  That is because Mr. Anbar's liability to Bank of America is not currently reported in a way that could pressure him into paying it.  The credit report entry shows the debt as having been *paid* – and having a zero balance – following charge off.  Although this is incorrect, the error is arguably more favorable to the debtors than a report that the debt had been discharged in bankruptcy.  In any event, it is difficult to imagine any scenario in which Mr. Anbar could be pressured into paying a debt that is shown as having been paid.  Thus, on the present record the court would have to conclude that there is no meaningful prospective relief that could be decreed and therefore no basis for an award of attorney's fees to compensate the debtors for the cost of obtaining relief.

Since it does not appear that there is any meaningful relief, compensatory or prospective, that could be afforded these debtors even in the event there was a determination that Bank of America's initial reporting of the discharged debt violated the discharge injunction, reopening the case would be futile and a waste of judicial resources.

Accordingly, the motion to reopen will be denied, but without prejudice to its renewal in the event of a change in circumstances.

## O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. The debtors' motion to reopen their closed case for the purpose of prosecuting a civil contempt proceeding against Bank of America for violation of the discharge injunction is denied without prejudice to its renewal in the event of a change in circumstances.

2. The clerk shall mail a copy of this memorandum opinion and order, or give electronic notice of its entry, to the parties listed below.

Date: _____  _____
Alexandria, Virginia
Stephen S. Mitchell
United States Bankruptcy Judge

Copies to:

Robert R. Weed, Esquire
Law Offices of Robert Ross Weed
1420 Prince Street, Suite 200
Alexandria, VA 22314
Counsel for the debtors

James H. Lister, Esquire
McGuireWoods, LLP
1750 Tysons Blvd., Suite 1800
McLean, VA 22102-4215
Counsel for Bank of America, N.A.

Richard A. Bartl, Esquire
Tyler, Bartl, Gorman & Ramsdell, PLC
700 S. Washington St., Suite 216
Alexandria, VA 22314
Chapter 7 trustee